In the Matter of SEYMOUR BOYERS et al., Appellants, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents. In the Matter of SIDNEY LEVISS et al., Appellants, v. IRVING GUTIN et al., Respondents.— In two consolidated proceedings under section 330 of the Election Law, (1) one by Seymour Boyers to require the respondent Board of Elections to print and place the names of all the petitioners as a slate not only in one column, but also in column one, on the voting machines to be used in the primary election of the Democratic party to be held on June 28, 1966 in the 24th Assembly District, Queens County; and (2) the other by Sidney Leviss *inter alia* to restrain the respondent Board of Elections from placing the names of respondents Irving Gutin and Theresa J. Mancini, as candidates of the Democratic party for certain party positions in the 24th Assembly District, Part A, Queens County, on the same row and/or column of said voting machines as the names of other candidates for other party positions (or public offices) as certified by the Executive Committee of the County Committee of the Democratic party in Queens County, and for other relief, the petitioners in each proceeding appeal as follows from portions of the respective judgments of the Supreme Court, Queens County, entered June 16, 1966, which *inter alia* denied their respective applications and dismissed their respective petitions: 1. The petitioners Boyers and others appeal, as limited by their brief, from so much of the judgment in the proceeding instituted by them as dismissed the petition. 2. The petitioners Leviss and others appeal from so much of the judgment in the proceeding instituted by them as dismissed their application. Judgments modified, on the law, by granting the petitions to the extent of placing the names in question on the voting machines to be used in the said primary election as a slate in one coulmn. As so modified, judgments affirmed insofar as appealed from, without costs. No questions of fact were considered. In our opinion, under all the circumstances, section 242-a of the Election Law, read in its

entirety, requires modification of the dispositions below in the manner above indicated. Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.